UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Frank Applewhite-Bey,

           Plaintiff,

    vs.                      REPORT AND RECOMMENDATION

Lewis C. Tripoli, M.D.; Dr.
Dean Lee; and Correctional
Medical Services (CMS),

           Defendants.        Civ. No. 04-1709 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motions to Amend his Complaint, to Appoint an Expert Witness, and to Allow Petitioner's Case to Move Forward, and the Defendants' Motion to Dismiss for Insufficiency of Service of Process. For the purposes of these Motions, the Plaintiff appears pro se, and the Defendants appear by Mark W. Hardy, Esq.

For the reasons which follow, the Defendants' Motion to Dismiss is granted, and accordingly, the Plaintiff's Motion to Allow Petitioner's Case to Move Forward is denied, while the Plaintiff's Motions to Amend his Complaint, and to Appoint an Expert Witness are denied, as moot.

II. Factual and Procedural Background

The Plaintiff is currently incarcerated at the Minnesota Correctional Facility, in Faribault, Minnesota ("MCF-Faribault"). He has commenced this action under Title 42 U.S.C. §1983, for the allegedly wrongful discontinuance of a prescription medication for his skin condition.

The Plaintiff's Complaint was filed on April 22, 2004, and was accompanied by a "Motion to have U.S. Marshal's Serve Pleadings." Docket No. 2. Finding that the information contained in the Plaintiff's Motion was not sufficient to determine the Plaintiff's entitlement to proceed in forma pauperis ("IFP"), and that the Plaintiff had failed to provide completed Marshal's Service forms, we directed the Plaintiff to provide a properly completed application to proceed IFP, as well as completed Marshal's Service forms.

Upon our receipt of those documents, we considered the merits of the Plaintiff's Motion, and found that he was not entitled to proceed IFP. Therefore, we

2

denied his Motion, and directed him to effectuate proper service on the Defendants by no later than February 4, 2005. Upon the Plaintiff's request, we extended the deadline for service to February 18, 2005.

On January 21, 2005, the Plaintiff filed a document entitled "Proof of Service by U.S. Mail," which contained the following averments:

> This proof of service by U.S. Mail is being filed as proof of compliance with this Court's Order of January 13, 2005 directing that service of defendants by February 18, 2005. [sic]. The complaint and summon [sic] were served on Lewis Tripoli, M.D., 12647 Olive Blvd., St. Louis, MO 63141; Dean Lee, M.D., 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108-5219; and Correctional Medical Services, Inc., 12647 Olive Blvd., St. Louis, MO 63141; by depositing the same in a U.S. Mailbox at MCF-Faribault under the care and custody of Connie Roehrich, Warden.

Docket No. 11. Subsequently, the Defendants filed an Answer to the Plaintiff's Complaint, which contained, inter alia, affirmative allegations that the Plaintiff had failed to effectuate proper service of process on each of the named Defendants. Docket No. 12, p. 12, at §§VII, VIII, and IX. Following the Defendant's Answer, the Plaintiff filed a "Counter" to the Answer, as well as Motions to Amend his Complaint, and to Appoint an Expert Witness. See, Docket Nos. 15, 16, and 18.

3

The Defendants subsequently filed a Motion to Dismiss the Plaintiff's Complaint, for his failure to effectuate proper service of process. In response, the Plaintiff filed a "Motion to Allow Petitioner's Case to Move Forward to Discovery and Trial." Docket No. 29. This "Motion" responds substantively to the arguments contained in the Defendants' Motion to Dismiss, and therefore, we have construed the "Motion" to be a response to the Defendants' Motion.

### III. Discussion

The Defendants' Motion to Dismiss is predicated on their assertion that the Plaintiff failed to effect sufficient service of process. See, Rule 12(b)(5), Federal Rules of Civil Procedure. Proper service of process is necessary because, "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993), citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993); see Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982).

Service of process can be effected, under the Federal Rules, "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State." Rule 4(e)(1), Federal Rules of Civil Procedure. In turn,

4

under Minnesota law, "a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn.R.Civ.P. 4.03 or acknowledgment by mail under Minn.R.Civ.P. 4.05." <u>Turek v. ASP of Moorhead, Inc.</u>, 618 N.W.2d 609, 611 (Minn. App. 2000), rev. denied (Minn., January 26, 2001). However, "[s]ervice of process in a manner not authorized by the rule is ineffective service." <u>Id.</u>, quoting <u>Lundgren v. Green</u>, 592 N.W.2d 888, 890 (Minn. App. 1999), rev. denied (Minn., July 28, 1999), quoting in turn, <u>Tullis v. Federated Mutual Ins. Co.</u>, 570 N.W.2d 309, 311 (Minn. 1997).

As to service by mail, Rule 4.05, Minnesota Rules of Civil Procedure, provides as follows:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Minnesota Courts have applied the requirements of this rule stringently, such that, "if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained." <u>Coons v. St. Paul Cos.</u>, 486

N.W.2d 771, 774 (Minn. App. 1992), quoting <u>Young v. Mt. Hawley Ins. Co.</u>, 864 F.2d 81, 82 (8th Cir. 1988)(interpreting former Rule 4(c)(2)(C)(ii), Federal Rules of Civil Procedure); see <u>Turek v. ASP of Moorhead, Inc.</u>, supra at 611 ("According to the plain language of this rule service is ineffectual if the sender does not receive the acknowledgment within 20 days."); see also, <u>Gulley v. Mayo Foundation</u>, 866 F.2d. 161, 165 (8th Cir. 1989)(finding service ineffectual where the acknowledgment was received by the sender, but not within the twenty day time period).  "Whether [the defendant] has actual notice of the lawsuit and [the plaintiff] substantially complied with the rules for service of process is irrelevant, because the actual notice exception applies only to cases involving substitute services at a defendant's usual place of abode."  <u>Turek v. ASP of Moorhead, Inc.</u>, supra at 612, citing <u>Thiele v. Stich</u>, 425 N.W.2d 580, 584 (Minn. 1988); see <u>Coons v. St. Paul Cos.</u>, supra at 775.

   Here, there is no Record that any of the three Defendants were even provided with Acknowledgment of Service forms, much less returned such forms to the Plaintiff within the twenty (20) day period, as is required for effective service.  Rather, the Record reflects that, on or about January 25, 2005, the Defendant Correctional Medical Services, Inc. ("CMS") received two copies of the Plaintiff's Summons and Complaint, one of which was addressed to the Defendant Dr. Lewis Tripoli

6

("Tripoli").  <u>Affidavit of Richard A. Carter</u>, at ¶¶3(a) and (c).  Tripoli is employed by CMS, but has been on a leave of absence since being deployed to Iraq in September of 2004, as part of his service in the United States Naval Reserve.  <u>Id.</u>, at ¶3(e). Neither of these mailings were accompanied by a Notice of Acknowledgment of Service, or a return envelope, postage prepaid, addressed to the Plaintiff, <u>id.</u>, at ¶¶3(b) and (d), and in any event, there is no record that either CMS or Tripoli returned an Acknowledgment of Service form within the twenty (20) day time period. Accordingly, the Plaintiff's service of process upon the Defendants CMS and Tripoli was ineffectual under Rule 4.05, Minnesota Rules of Civil Procedure.

As to the Defendant Dr. Dean Lee ("Lee"), the Record reflects that the Plaintiff mailed the Summons and Complaint to the address for the Minnesota Department of Corrections.  See, <u>Docket No. 11</u>; see also, <u>Affidavit of Mark W. Hardy</u>, at Exh A. Lee was not an employee of the Minnesota Department of Corrections, but had been employed by CMS during all of the pertinent time periods.  <u>Affidavit of Dale Poliak</u>, at ¶6.  The Summons and Complaint were subsequently forwarded to CMS, on or about January 24, 2005, and, similar to the Plaintiff's other mailings, CMS did not receive a Notice of Acknowledgment of Service, or a return envelope, postage prepaid, addressed to the Plaintiff.  <u>Id.</u>, at ¶5. Furthermore, as with CMS and Tripoli,

there is nothing in the Record to establish that the Lee returned an Acknowledgment of Service to the Plaintiff within the twenty (20) day time period. Thus, the Plaintiff's attempt to serve Lee with process was also ineffectual under Rule 4.05, Minnesota Rules of Civil Procedure.

The Plaintiff's attempts to serve the Defendants with process also fail to satisfy the requirements of Rule 4(d)(2), Federal Rules of Civil Procedure, which allows a plaintiff to notify the defendant of the commencement of a suit against them "by first-class mail or other reliable means," and to request that the defendant waive personal service of process. However, much like Rule 4.03, the Federal Rule requires that the plaintiff provide the defendant with a Request for Waiver form and a Waiver of Service of Summons form, along with a copy of the Complaint, and a prepaid means of returning the waiver form to the Plaintiff. See, Rule 4(d)(2) (C), (D) and (G), Federal Rules of Civil Procedure; Rule 84, Federal Rules of Civil Procedure (Forms 1A and 1B). Since the Plaintiff has failed to comply with these requirements, and the Defendants have not waived service, the Plaintiff's service of process was also ineffectual under Rule 4(d)(2). See Larsen v. Mayo Medical Center, 218 F.3d 863, 867-868 (8th Cir. 2000)("[I]f the defendant does not waive service [under Rule 4(d)], service has not been effected.").

Despite these failings, the Plaintiff urges that we "allow his pleadings to move forward to the discovery and trial phases" because he "has made an honest attempt to perform what is required of him." <u>Plaintiff's Motion to Allow Petitioner's Case to Move Forward to Discovery and Trial</u>, at p. 1. In making his argument, the Plaintiff notes that his status, as a <u>pro se</u> litigant, entitles him to certain leniencies in the prosecution of his case. However, while <u>pro se</u> pleadings are to be construed liberally, we cannot ignore the requirement that the Plaintiff effect service of process on the Defendants. See <u>Hinz v. Washington Mutual Home Loans</u>, 2004 WL 729239, at *2 (D. Minn., April 2, 2004). In <u>Hinz</u>, the Court addressed a <u>pro se</u> litigant's failure to serve process in accordance with the Federal Rules, observing as follows:

> The Court recognizes that the [plaintiffs] are proceeding <u>pro se</u> in this matter, and may therefore not fully appreciate the procedural requirements of bringing a lawsuit in federal court. However, the Court is obligated to uphold the rights and protections afforded Defendants when those Defendants are brought before this Court.

Accordingly, the Plaintiff's status as a <u>pro se</u> litigant, along with his good faith attempts to comply with the Rules, do not excuse him from adhering to the procedural requirements for service of process.

9

The Plaintiff's request, that we overlook any deficiencies in his service of process because of the Defendant's actual notice of the lawsuit, is similarly meritless. Notably, under both State, and Federal law, "actual notice" does not discharge the Plaintiff of his duty to effectuate proper service. See, <u>Sieg v. Karnes</u>, 693 F.2d 803, 807 (8th Cir. 1982)(finding that Federal Court lacked personal jurisdiction over improperly served defendant despite actual notice); <u>Willis v. Tarasen</u>, 2005 WL 1705839, at * 2 (D. Minn., July 11, 2005)(same); <u>Turek v. ASP of Moorhead, Inc.</u>, supra at 612; <u>Coons v. St. Paul Cos.</u>, supra at 775.

Lastly, while an objection to service of process may be waived, if not raised at the first available opportunity, see <u>Rule 12(h), Federal Rules of Civil Procedure</u>, the Defendants affirmatively pled the absence of effective service of process, in their Answer to the Plaintiff's Complaint, which was their first responsive pleading. Moreover, while their Motion to Dismiss also defends against the merits of the Plaintiff's claim, the Defendants memorialize that such arguments are made "IN THE ALTERNATIVE, IF THE COURT CONCLUDES THAT ANY OF THE DEFENDANTS HAVE BEEN SUFFICIENTLY SERVED WITH PROCESS." <u>Defendant's Memorandum of Law in Support of Motion to Dismiss for Insufficiency of Service of Process or Pursuant to Minn. Stat. §145.682 and in Opposition to</u>

<u>Plaintiff's Motion to Amend Complaint and to Appoint an Expert Witness</u>, at p. 9, <u>Docket No. 22</u>. Accordingly, we find that the Defendants did not waive their objections to the sufficiency of the Plaintiff's service of process. See, <u>Willis v. Tarasen</u>, supra at 3 (finding that a defendant did not waive service of process defense where defense was raised in his "Amendment to Answer," which was filed six (6) days after original Answer, and defendant subsequently participated in a Pretrial Conference).

Having found that the Plaintiff has failed to effectuate service of process, under the applicable Rules of Federal and State Procedure, we find that we are without personal jurisdiction over the Defendants, and therefore recommend that the case be dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

1.    That the Defendant's Motion to Dismiss for Insufficiency of Service of Process [Docket No. 21] be granted;

2.    That the Plaintiff's Motion to Amend his Complaint [Docket No. 16] be denied, as moot.

3.   That the Plaintiff's Motion to Appoint An Expert Witness [Docket No. 18] be denied, as moot.

4.   That the Plaintiff's "Motion" to Allow Petitioner's Case to Move Forward [Docket No. 29] be denied.

5.   That the Plaintiff's Complaint be dismissed, but without prejudice, for the failure to effectuate service of process.

Dated: August 3, 2005        *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 19, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 19, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.